[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 99-1634

UNITED STATES,
Appellee,

v.

C. ANDREW BATTINELLI,
Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]
[Lawrence P. Cohen, U.S. Magistrate Judge]

Before

Selya, Circuit Judge,

Walace,* Senior Circuit Judge,

and Boudin, Circuit Judge.

David Duncan, with whom Zalkind, Rodriguez, Lunt & Duncan was on brief, for appellant.
Ellen R. Meltzer, Special Counsel, Criminal Division, Fraud Section, U.S. Department of Justice, with whom Robert F. Adams and Christopher L. Varner, Trial Attorneys, Fraud Section, Criminal Division, U.S. Department of Justice, were on brief, for appellees.

January 23, 2001

\* Of the Ninth Circuit, sitting by designation.

**WALLACE,** <u>Circuit Judge</u>.  Battinelli appeals from his conviction on four counts of bank fraud in violation of 18 U.S.C. § 1344, and one count of wire fraud in violation of 18 U.S.C. § 1343.  The district court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm.

Battinelli first contends that the district court erred in admitting part of Kearns's testimony, a deceased witness, before the Office of Thrift Supervision under Federal Rule of Evidence 804(b)(3).  Battinelli argues that the admission of Kearns's testimony violated his right under the Confrontation Clause of the Sixth Amendment.  We need not get to that question if our review of the entire record persuades us that any error was harmless beyond a reasonable doubt.  <u>See</u> <u>United States</u> v. <u>Brennan</u>, 994 F.2d 918, 927 (1st Cir. 1993).

We review Confrontation Clause violations under the harmless error standard set forth in <u>Chapman</u> v. <u>California</u>, 386 U.S. 18, 24 (1967), which requires that we reverse the conviction unless the government can prove that the constitutional error complained of was "harmless beyond a reasonable doubt."  <u>United States</u> v. <u>Mulinelli-Navas</u>, 111 F.3d

-2-

983, 992 (1st Cir. 1997).  "Under this standard, we may not declare a constitutional error harmless if there is a 'reasonable possibility' that the error influenced the verdict."  Id. (internal citation omitted).

In this case, Kearns's testimony was not central to the government's case, which would not have been significantly less persuasive had the Kearns evidence been excluded.  The testimony was brief (less than two pages long), and was cumulative of Pitcher's more detailed and thorough testimony.  There was an abundance of documentary evidence introduced at trial from which the jury could have inferred that Battinelli knew of and participated in the fraud against the banks, including falsified loan applications and employment and income verifications.  Two officials from the banks that issued the loans testified that if certain information revealed to Battinelli prior to submitting the loan applications had been disclosed to the banks as required, the loans would have been denied.  The government introduced the testimony of a United States Secret Service document examiner, who testified there was a strong probability that the false information contained in two of the loan applications submitted by Battinelli on behalf of Kearns and Pitcher was written in Battinelli's handwriting.  Finally, the government

-3-

did not rely heavily on Kearns's testimony in its closing argument; rather, it primarily emphasized the documentary evidence, Pitcher's testimony, and the testimony of the bank officials.  We hold that, beyond a reasonable doubt, the jury "would have reached the same verdict without having received the [Kearns] evidence."  Brennan, 994 F.2d at 927 (internal quotation and citation omitted); see United States v. Salimonu, 182 F.3d 63, 71 (1st Cir. 1999) (harmless error when it is beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained).

Next, Battinelli contends that the district court erred in admitting Pitcher's grand jury testimony under Federal Rule of Evidence 801(d)(1)(B).  Battinelli argues that the grand jury testimony, admitted to rehabilitate Pitcher, is inadmissible as a prior consistent statement because the testimony did not predate Pitcher's motive to fabricate. Unfortunately for Battinelli, he did not object to the admission of the grand jury testimony on this basis before the district court.  Accordingly, our review is for plain error. Mulinelli-Navas, 111 F.3d at 989.  Because the portions of the grand jury testimony that were admitted were cumulative of Pitcher's testimony on direct examination and, therefore,

added nothing new to the government's case, the district court did not commit error "so shocking that [it] seriously affect[ed] the fundamental fairness and basic integrity of the proceedings below."  Id.  We hold that there was no plain error.

Lastly, Battinelli contends that the district court erred in instructing the jury on the intent required for a bank fraud conviction.  Because he failed to raise this objection before the district court, we review for plain error.  United States v. Kenrick, 221 F.3d 19, 26 (1st Cir. 2000) (en banc).  Relying on the panel decision in United States v. Kenrick, No. 98-1282 (1st Cir. Feb. 22, 2000) (withdrawn), Battinelli argues that intent to defraud necessarily includes an "intent to harm" the bank.  However, after rehearing Kenrick en banc, we held that "the intent element of bank fraud . . . is an intent to deceive the bank in order to obtain from it money or other property.  'Intent to harm' is not required."  Kenrick, 221 F.3d at 29 (emphasis added).  The instructions given in this case are identical to the instructions at issue in Kenrick.  Therefore, as we held en banc in Kenrick, there was no plain error in the district court's jury instructions.

Affirmed.